UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSCAR GAINOUS,

    Plaintiff,

v.                                                        Case No. 8:17-cv-2018-T-AEP

NANCY A. BERRYHILL,
Deputy Commissioner of Operations
performing the duties and functions
not reserved to the Commissioner of
Social Security,

    Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 278-87). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 152-55, 185-94, 197, 200-09). Plaintiff then requested an administrative hearing (Tr. 210-12). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 38-93). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 17-37). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6).

Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.   Factual Background and the ALJ's Decision

Plaintiff, who was born in 1955, claimed disability beginning June 1, 2009 (Tr. 278, 284). Plaintiff obtained a high school education (Tr. 337). Plaintiff's past relevant work experience included work as a telemarketer (Tr. 84, 337). Plaintiff alleged disability due to irregular heartbeat, high blood pressure, arthritis, and problems in the heels and ankles (Tr. 336).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through June 30, 2014, and he had not engaged in substantial gainful activity since June 1, 2009, the alleged onset date (Tr. 23). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: hypertension; coronary artery disease; history of myocardial infarction (status-post CABGx4); degenerative joint disease in shoulders, knees, and heel (status-post open reduction internal fixation and fusion of bilateral ankle and heel fracture and status-post right elbow surgery for fraction); degenerative disc disease of the lumbar and cervical spine; polyarthralgias and vision deficit in the right eye (Tr. 23). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 23). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform work at the sedentary exertional level that did not require more than occasional crawling or climbing ladders, ropes, or scaffolds; no more than frequent climbing ramps/stairs, crouching, kneeling, balancing, stooping, pushing/pulling with bilateral lower extremities and overhead reaching bilaterally; limited to occupations requiring

no more than a frequent near acuity with the right eye; and no more than a concentrated exposure to extreme temperatures, vibrations, hazards, or irritants such as fumes, odors, dust, gases, or poorly ventilated areas (Tr. 24). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 29). Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform his past relevant work as a telemarketer (Tr. 31). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 31).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review,

further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Substantial evidence "must do more than create a suspicion of the existence of the fact to be established." *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates

against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Additionally, the court may not make credibility determinations. *Moore v.* Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff argues that the ALJ erred by failing to fully develop the record and evaluate Plaintiff's subjective complaints regarding non-exertional symptoms, including fatigue, anxiety, and depression. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

#### A. Duty to Develop Record

Initially, Plaintiff argues that the ALJ failed to fully develop the record. Specifically, Plaintiff contends that the ALJ improperly failed to order a consultative examination regarding Plaintiff's psychological difficulties. Even though Social Security courts are inquisitorial rather than adversarial in nature, claimants must establish their eligibility for benefits. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). Though the claimant bears the burden of providing medical evidence showing she is disabled, the ALJ is charged with developing a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ has this basic obligation to develop a full and fair record without regard for whether the claimant is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). When the Plaintiff demonstrates that the record reveals evidentiary gaps which result in

unfairness or "clear prejudice," remand is warranted. *Brown*, 44 F.3d at 935; *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (stating that the claimant must show some prejudice before a court will order a remand to the Commissioner for further development of the record).

An ALJ has a basic obligation to develop a full and fair record, even where, as here, the claimant was represented by counsel. *See Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). If the evidence submitted by Plaintiff is sufficient to provide information about impairments regarding whether Plaintiff is disabled, then the ALJ may order a consultative examination. *See* 20 C.F.R. § 416.917. Although the ALJ has a duty to develop the record, the ALJ is not required to order a consultative examination as long as the record contains sufficient evidence upon which the ALJ can make an informed decision. *Ingram*, 496 F.3d at 1269 (citing *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001)); see 20 C.F.R. §§ 404.1512(e), 404.1519a, 416.912(e), 416.919a. Rather, the regulations dictate that the ALJ may ask the claimant to attend a consultative examination at the Commissioner's expense, but only after the ALJ has given full consideration to whether any additional information needed is readily available from the records of the claimant's medical sources. *Doughty*, 245 F.3d 1280-1281; see 20 C.F.R. §§ 404.1512, 404.1519a, 404.1520b, 416.912, 416.919a, 416.920b.[1] It is reversible error, however, for an ALJ not to order a consultative examination when such an

---

[1] A non-exhaustive list of situations requiring a consultative examination appears in the regulations, at 20 C.F.R. §§ 404.1519a(b) and 416.919a(b), and includes situations where (1) the additional evidence needed is not contained in the records of claimant's medical sources; (2) the evidence that may have been available from the claimant's treating or other medical sources cannot be obtained for reasons beyond claimant's control, such as death or non-cooperation of a medical source; (3) highly technical or specialized medical evidence that the Commissioner needs is not available from claimant's treating or other medical sources; or (4) there is an indication of a change in the claimant's condition that is likely to affect the claimant's ability to work, but the current severity of claimant's impairment is not established. 20 C.F.R. §§ 404.1519a(b)(1)-(4), 416.919a(b)(1)-(4).

evaluation is necessary for the ALJ to make an informed decision. *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984). Even though it is the ALJ's responsibility to develop a full and fair record, it is the claimant who bears the burden of producing evidence to support his claim that he is disabled. *See* 20 C.F.R. §§ 416.912(d), 416.912(a).

A review of the record reveals that the ALJ's decision not to order a consultative examination as to Plaintiff's claim for disability was supported by substantial evidence. In this instance, the ALJ concluded that Plaintiff has the residual functional capacity to perform past relevant work as a Telemarketer at the sedentary exertional level based on Plaintiff's physical capacities (Tr. 24, 31). In support of this conclusion, the ALJ considered the evidence opinions of Plaintiff's medical doctors, Plaintiff's testimony, and the relevant medical evidence. Notably, the ALJ accorded significant weight to the opinion evidence of Dr. Eniola A. Owi, M.D., due to the consistency between Dr. Owi's findings and the medical evidence of record (Tr. 30). On October 2011, Dr. Owi, at the request of the State agency, performed a consultative examination with respect to Plaintiff's heart complications, hypertension, and joint pains (Tr. 27). Dr. Owi noted that Plaintiff had discomfort among his lower extremities when in motion, but that they were otherwise normal (Tr. 27). Additionally, Dr. Owi's findings noted that Plaintiff can grip, write, dress himself, and turn a doorknob with normal fine and gross finger dexterity (Tr. 27).

The ALJ also afforded moderate weight to Dr. David Guttman, M.D., who found that Plaintiff, at the reconsideration level, had the residual functional capacity to perform a wide range of light work activity (Tr. 30). The ALJ considered the opinion of Plaintiff's treating physician Dr. Abel Ochoa, M.D., in which Dr. Ochoa did not provide any indication that Plaintiff's impairments would prevent Plaintiff from engaging in any light or sedentary work (Tr. 30). Furthermore, in determining Plaintiff's residual functional capacity, the ALJ

considered the combined effects of Plaintiff's severe and non-severe impairments (Tr. 25). The ALJ acknowledged that Plaintiff has some physical limitations in performing work-related activities, but ultimately found that Plaintiff's medical evidence of record showed that Plaintiff could perform work-related activities at the sedentary exertional level (Tr. 25).

On the other hand, at the ALJ hearing, Plaintiff testified that he was hospitalized after experiencing a small stroke between April 2 and April 5, 2016, approximately three weeks before the hearing (Tr. 44). Plaintiff also testified that he is limited to picking up small items such as a cup of coffee, and that he was having difficulty maintaining his grip when writing (Tr. 70–71). The ALJ noted Plaintiff's testimony regarding his recent hospitalization and trouble with lifting heavy items in his decision (Tr. 25). As to Plaintiff's alleged psychological difficulties, at the ALJ hearing, Plaintiff testified that he experienced stress while working as a Telemarketer, and alluded that his high blood pressure was due to the stress, anxiety, and "inner pressure [he] put on [him]self," from telemarketing (Tr. 59-60). Another psychologically-related difficulty that Plaintiff acknowledged in his testimony was difficulty sleeping (Tr. 75). In the administrative decision, the ALJ mentioned Plaintiff's physical limitations deriving from his impairments. In considering Plaintiff's symptoms, the ALJ did not acknowledge any psychological or mental difficulties pertaining to Plaintiff. Despite Plaintiff's testimony of having felt stressed and anxious from his work as a telemarketer, no medical evidence of record indicated that Plaintiff suffered from any psychological or mental impairments related to his alleged stress and anxiety.

This Court cannot conclude that the ALJ failed to order a consultative examination regarding Plaintiff's psychological difficulties since Plaintiff's physicians had not provided any evidence or suggestions in support of Plaintiff's allegation that psychological conditions affect his ability to work. *See McCall v. Bowen*, 846 F.2d 1317 (11th Cir. 1988) (finding that mere

suggestions by plaintiff's physicians that plaintiff may be suffering from a psychological condition, though no official diagnosis is provided, may require a consultative psychological examination). The administrative record shows that the ALJ had considered all of Plaintiff's relevant medical evidence pertaining to his ability to work. No official diagnosis or suggestion of a psychological condition was found in Plaintiff's record. It is not the task of the ALJ to order a consultative examination for Plaintiff's psychological difficulties if the medical record is sufficient to allow the ALJ to make an informed decision. The medical evidence of record entails treatments and diagnoses related to Plaintiff's physical difficulties, in which the ALJ properly relied upon in his administrative decision.

### B. Subjective Complaints

The Court further finds Plaintiff's second and final argument unavailing. Specifically, Plaintiff contends that the ALJ erred by failing to properly consider his subjective complaints regarding his fatigue, anxiety, and depression. In addition to the objective evidence of record, the Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§ 404.1529, 416.929. To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see* 20 C.F.R. §§ 404.1529, 416.929. When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate "explicit and adequate reasons" for doing so. *Wilson*, 284 F.3d at 1225. A reviewing court will not disturb a clearly articulated credibility finding regarding a claimant's subjective complaints supported by

substantial evidence in the record. *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (*per curiam*) (citation omitted).

Here, the ALJ discredited Plaintiff's testimony regarding the veracity of Plaintiff's limitations and credibility (Tr. 29). Plaintiff reported to the ALJ that he had difficulty sitting in a chair doing telephone-related work; specifically, Plaintiff complained of numbness to his legs and feet when sitting down for long periods of time (Tr. 62). He also complained of chest pain, anxiety, and shortness of breath in relation to stress from telemarketing (Tr. 59).

The ALJ properly applied the pain standard to Plaintiff's subjective complaints and his conclusion is supported by substantial evidence. With respect to the pain standard set forth by *Holt*, the ALJ stated that Plaintiff's medically determinable impairments can reasonably be expected to cause his claimed symptoms, yet the intensity and persistence of Plaintiff's symptoms as he alleges them are inconsistent with medical evidence in the record (Tr. 30). The ALJ found that Plaintiff's statements regarding his impairments were not supported by his medical records as a whole (Tr. 29). The ALJ reasoned that absent documentation concerning the nature, severity, and limitations of Plaintiff's impairments by an examining or a treating physician to corroborate Plaintiff's allegations, Plaintiff's statements regarding his functional limitations are not enough to demonstrate that he is disabled (Tr. 29). The ALJ enunciated that although Plaintiff has some limitations due to his impairments, these limitations do not preclude all types of work activity since Plaintiff's physicians have noted that Plaintiff's treatment plan has controlled his symptoms (Tr. 30). For instance, the ALJ noted that medical evidence, including treatment notes and radiological studies, generally showed normal findings or only mild abnormalities (Tr. 448, 534-36, 619-663, 752-55, 810-11). Plaintiff's psychological examinations were also generally normal (Tr. 418-484, 500-563, 874-914). Further, the ALJ properly took into account Plaintiff's non-compliance with his treatment (Tr. 29). *See, e.g.*,

*Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (holding that a plaintiff's non-compliance with prescribed treatment may be used as a factor for discounting allegations of disability). Finally, the ALJ properly took into account Plaintiff's continued work in 2014, despite it being below SGA Levels (Tr. 23). *See, e.g.*, *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1984) (noting that any work that a claimant performs during any period in which the claimant alleges disability, *even if the work does not rise to the level of substantial gainful activity*, may demonstrate that the claimant maintains the ability to perform work at the substantial gainful activity level) (emphasis added); 20 C.F.R. § 404.1571. Thus, for the foregoing reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 22nd day of March, 2019.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record